UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

REVESTIMIENTOS PORCELANITE, S.A. DE C.V.

    Plaintiff,

    v.

AZULEJOS Y CERAMICA, INC.

    Defendant.

Civil No. 13-1639 (PG)

### ORDER

Plaintiff Revestimientos Porcelanite, S.A. de C.V. ("Revestimientos" or "plaintiff") filed a Fourth Request to Dismiss Counterclaim and to Strike Defendant's Answer to Complaint. See Docket No. 55. The previous three Requests had been denied by this Court after the last Scheduling Conference. See Docket No. 54. However, because defendant failed once again to abide by this Court's rulings, the motion is **GRANTED.**

A brief procedural history will help to illustrate the Court's reasoning.

### I. Background

Revestimientos filed this action on August 21, 2013. See Docket No. 1. Azulejos y Ceramica Inc. ("Azulejos" or "defendant") answered the Complaint and filed a Counterclaim. See Docket No. 7. The case, however, was stayed after defendant filed for bankruptcy. See Docket Nos. 10 and 11. Approximately seven months later, Revestimientos filed a motion to continue proceedings. See Docket No. 12.

Shortly thereafter, Revestimientos filed an Informative Motion stating that it no longer had a commercial relationship with Azulejos. See Docket No. 13. For that reason, Revestimientos announced that it would start to do business again in the local market. The Court ordered Azulejos to respond to those allegations by July 30, 2014. See Docket No. 18. After more than a year, no response has been filed.

On July 15, 2014, the Court entered a Scheduling Order and set the case for an Initial Scheduling Conference. See Docket No. 21. After two continuances on plaintiff's request, a conference was held on September 10, 2014. See Docket No. 37. At the hearing, the Court denied without prejudice a motion to withdraw as legal counsel filed by Azulejos' attorney. The Court instructed Azulejos to announce by September 30, 2014, its new legal representation. Id. Because of the issue regarding Azulejos' attorney, the Court could not conduct the ISC as planned.

On October 17, 2014, Revestimientos filed its first motion to dismiss the counterclaim due to Azulejos' lack of diligence. See Docket No. 38. Plaintiff argued that Azulejos had not yet retained new counsel and had made no efforts to submit its portion of the Joint Scheduling Memorandum. Finally, Revestimientos requested that the ISC be postponed. See Docket No. 39. Azulejos did not file an opposition.

Four days later, the Court entered an Order to Show Cause directed to Azulejos. See Docket No. 41. The Court ordered Azulejos to show cause on or before October 31, 2014 as to why it had failed to comply with its orders of August 27, 2014 (Docket No. 27) and September 10, 2014 (Docket No. 37). The Order warned Azulejos that should it fail to comply; the Court would strike its Answer to the Complaint and Counterclaim and enter default.

On the day before the term expired, Azulejos filed a motion to show cause and for leave to appear. See Docket No. 42. The document explained that Azulejos needed to obtain authorization from the Bankruptcy Court to retain new counsel in light of attorney Orlando Perez-Marrero's motion to withdraw. But it assured the Court that it had already filed a motion to that effect. In the meantime, Azulejos asked to Court to grant thirty days for its new counsel, Bennazar-Zequeira, to become acquainted with the case and to prepare the ISC Memorandum. Id.

Revestimientos duly opposed the motion to show cause. See Docket No. 43. It averred that the application for appointment of counsel before the Bankruptcy Court was actually filed on October 16, 2014.

That was well after the September 20, 2014 deadline set by the Court. Id.

By February of 2015, the case was still stalled. Revestimientos filed its Third Motion to Dismiss the Counterclaim and Motion to Strike the Answer to Complaint. See Docket No. 45. Azulejos filed an Opposition. See Docket No. 46. To justify the delay, Azulejos stated that "the difficulties of being in bankruptcy and trying to organize [its] affairs placed a considerable burden..." Id. at ¶6.

At Revestimientos' instance, the Court held a hearing to discuss a timetable for future proceedings. See Docket No. 48. Azulejos' counsel informed the Court that a new trustee had been appointed by the Bankruptcy Court and would need some additional time to work on the case. See Docket No. 51.

On July 22, 2015, a follow-up Status Conference took place. See Docket No. 54. The trustee was ordered to submit an application to employ attorney Bennazar-Zequeira as counsel to represent Azulejos by no later than July 31, 2015. Id. The Court denied Revestimientos' three pending Motions to Dismiss.

The July 31, 2015 deadline passed without word from Azulejos. As a result, Revestimientos filed its Fourth Motion to Dismiss Counterclaim and to Strike Azulejos' Answer to the Complaint. See Docket No. 55.

## II. Azulejos' Inaction

This procedural background highlights the meager zealousness that Azulejos has shown in prosecuting this case. The complaint was filed two years ago and, even accounting for the time period in which the case was stayed, little has happened. This Court has been patient in allowing Azulejos some leeway due to its bankruptcy filing but can no longer sit idly while Azulejos disregards its rulings.

The First Circuit has recognized that "courts cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). "Moreover, in the federal system the Civil Rules reinforce and augment the inherent

power of district judges to dismiss cases for disregard of judicial orders." Id. (citing to Fed.R.Civ.P. 37(b), 41(b)). Even though dismissal should only be imposed when the conduct is extreme, "disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)." See Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) (citations omitted).

The Court is convinced that defendant's conduct in this case warrants the dismissal of its counterclaim and the striking of its answer to the complaint. Azulejos' constant neglect of this Court's orders effectively thwarts our interest in administering the docket. The Court gave Azulejos several opportunities to move the case forward and assert its claims, but was met with utter disregard.

Azulejos even admitted to stalling the proceedings on more than one occasion. See "Defendant-Counterclaimant's Azulejos' Opposition to Plaintiff's Request to Dismiss Counterclaim," Docket No. 46 at ¶5 ("The undersigned assumes our portion of the responsibility for the delay and recognize that we should have been more proactive"); Id. at ¶6 ("We also note that upon the filing of our Motion to Show Cause, plaintiffs filed a motion entitled "Opposition to Motion to Show Cause and Appearance of new counsel…", *which the undersigned inadvertently did not respond to*)(emphasis added); *see also* "Motion to Show Cause," Docket No. 42 at ¶3 ("Aside from having to endure the trials and tribulations of being in bankruptcy and facing the enormous challenges to reorganize its business, Azulejos also needed to obtain authorization from the Bankruptcy Court to retain new counsel to continue to represent its interests in this case."

Suitably, plaintiff saw fit to file four motions to dismiss. The Court initially dismissed the first three and gave Azulejos one more chance to get the case back on track. Once again, defendant flouted the court's direction. Having amassed such a series of consecutive failures to comply, dismissal of Azulejos' Counterclaim is warranted.

### III. Conclusion

For the reasons set forth herein, Plaintiff's Fourth Request to Dismiss Counterclaim and to Strike Defendant's Answer to Complaint is **GRANTED**. As to Plaintiff's request that the Court enter Default Judgment against Azulejos, the Court Orders Revestimientos to file a separate Motion for Default that complies with the Federal Rules of Civil Procedure within the next ten (10) days.

**IT SO ORDERED.**

In San Juan, Puerto Rico, August 20, 2015.

                                        **S/ JUAN M. PÉREZ-GIMÉNEZ**
                                        **JUAN M. PÉREZ-GIMÉNEZ**
                                        **UNITED STATES DISTRICT JUDGE**